UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER BARBER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-1815 (VLB) |
| CITY OF NORWICH, | : | |
| JOSEPH LOYACANO, AND | : | |
| STATE OF CONNECTICUT | : | |
|     Defendants. | : | August 25, 2008 |

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT STATE OF CONNECTICUT'S MOTION TO DISMISS [Doc. #17]

Presently pending before the court is the State of Connecticut's motion to dismiss. The plaintiff, Christopher Barber, brings this action against the defendants, the City of Norwich, Joseph Loyacano, and the State of Connecticut, for money damages resulting from injuries sustained entering Norwich city hall. Connecticut moves to dismiss Barber's claims under Title II of the Americans with Disabilities Act ("ADA") and Rehabilitation Act for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons hereinafter set forth, the motion to dismiss is GRANTED.

### I. Facts

Barber is a wheelchair-bound paraplegic. On November 15, 2005, he visited Norwich city hall. Barber attempted to enter through the "ground level" doorway on Broadway, the only wheelchair accessible entrance. The Broadway

1

entrance has a door of "massive size and weight." The entrance does not have an automatic or power assisted door, nor a call box or bell to request assistance. While attempting to enter city hall, a strong gust of wind caused Barber to loose control of the massive door. The door struck Barber, knocking him from his wheelchair and causing injury.

On November 13, 2007, Barber initiated this suit in Superior Court. The defendants removed the case before this court on December 10, 2007. [Doc. #1] In the complaint, Barber claims money damages from the State pursuant to Title II of the ADA and section 504 of the Rehabilitation Act. On February 8, 2008, the State filed the instant motion to dismiss the ADA and Rehabilitation Act claims. [Doc. #17]

## II. Standard

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "To survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008) (internal quotation omitted).

"The plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007). "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

### III. Discussion

#### A. ADA Title II

The State's motion to dismiss argues that Barber's ADA claim fails as a matter of law because it includes no allegations of ill will or discriminatory animus. The Second Circuit Court of Appeals ruled in Garcia v. S.U.N.Y Health Sciences Center of Brooklyn, 280 F.3d 98 (2d Cir. 2001), that claims against a state for money damages under Title II of the ADA were barred by the Eleventh Amendment absent a showing that "the Title II violation was motivated by either discriminatory animus or ill will due to disability." Id. at 112.

Barber's ADA claim is only brought under Title II and only seeks money damages. It is uncontested that there are no allegations of discriminatory animus or ill will. The rule of Garcia applies.

In response, Barber argues that the Supreme Court's decisions in Tennessee v. Lane, 541 U.S. 509 (2004) (applying Title II's abrogation to the fundamental right of access to the courts), and United States v. Georgia, 546 U.S. 151 (2006) (Title II abrogates sovereign immunity where allegations constitute independent violation of Fourteenth Amendment's incorporation of Eighth

3

Amendment's ban on cruel and unusual punishment), effectively overruled the Garcia test. While both Supreme Court cases validated Title II's abrogation of sovereign immunity in certain circumstances, the Second Circuit has not ruled that Garcia is no longer good law. The majority of District Court Judges in this circuit and district have continued to hold that Garcia is good law and allegations of discriminatory animus or ill will are still necessary to state a claim for money damages from a state under Title II of the ADA. See Day v. Warren, 2008 U.S. Dist. LEXIS 8650 (D. Conn. Feb. 7, 2008); McKinnon v. Fred, 2007 U.S. Dist. LEXIS 59900 (D. Conn. Aug. 16, 2007); Scruggs v. Meriden Bd. of Educ., 2007 U.S. Dist. LEXIS 58517 (Aug. 7, 2007). The court is not convinced that the Second Circuit's guidelines from Garcia no longer apply.

As Barber includes no allegations of discriminatory animus or ill will against the State in his ADA claim, that claim is barred by the Eleventh Amendment. The motion to dismiss must be GRANTED.

### B. Rehabilitation Act

The State also moves to dismiss Barber's Rehabilitation Act claim. Barber failed to oppose the State's arguments for dismissal of the Rehabilitation Act claim in response to the motion. The court considers the claim abandoned and the motion to dismiss is GRANTED. See D. Conn. L. Civ. R. 7(a)(1)

### IV. Conclusion

Based on the above reasoning, the State's motion to dismiss is GRANTED. Barber's ADA Title II claim includes no allegations of discriminatory animus or ill

will and is therefore precluded by the Eleventh Amendment. Barber has abandoned his Rehabilitation Act claim.

The clerk shall terminate the State of Connecticut from this action.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 25, 2008.